**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARY KATHERINE GRIGGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:13-cv-1107-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM OPINION

Plaintiff Mary Katherine Griggs ("Griggs") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision – which has become the decision of the Commissioner – is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits and deny Griggs' motion to supplement the record.

## I.  Procedural History

Griggs, whose past relevant experience includes work as a poultry worker,

filed an application for Supplemental Security Income on June 29, 2010, alleging a disability onset date of November 15, 2008, due to problems with her back and left leg. (R. 23, 31, 160). After the SSA denied Griggs' claim, she requested a hearing before an ALJ. (R. 106). The ALJ subsequently denied Griggs' claim, (R. 20-32), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Griggs then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703

2

F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

3

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of

4

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1]   This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's

testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the

ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate
> reasons for refusing to credit a claimant's subjective pain testimony,
> then the [ALJ], as a matter of law, has accepted that testimony as true.
> Implicit in this rule is the requirement that such articulation of
> reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for

refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony

of the plaintiff and render a finding of disability.  *Id.*

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Griggs had not

engaged in substantial gainful activity since June 29, 2010, and, therefore, met

Step One.  (R. 25).  Next, the ALJ found that Griggs satisfied Step Two because

she suffered from the severe impairments of "degenerative disc disease of the

lumbar spine; lumbar radiculopathy at L5-S1; and a leg length discrepancy."  *Id*.

The ALJ then proceeded to the next step and found that Griggs failed to satisfy

Step Three because she "does not have an impairment or combination of

6

impairments that meets or medically equals one of the listed impairments." (R.

26). Although the ALJ answered Step Three in the negative, consistent with the

law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where she

determined that Griggs has the residual functional capacity (RFC) to

> frequently lift and/or carry up to ten pounds. She can stand and/or
> walk with normal breaks for at least 2 hours during an eight-hour
> workday and sit with normal breaks for up to eight hours during an
> eight-hour workday. She can occasionally climb ramps and stairs.
> She can occasionally balance, stoop, kneel, crouch and crawl. She
> should avoid all exposure to industrial hazards including working at
> unprotected heights, working on ladders ropes and scaffolds, and
> working in close proximity to moving, dangerous machinery.

(R. 27). In light of her RFC, the ALJ held that Griggs "is unable to perform any

past relevant work." (R. 31). Lastly, in Step Five, the ALJ considered Griggs'

age, education, work experience,[2] and RFC, and determined "there are jobs that

exist in significant numbers in the national economy [Griggs] can perform." *Id.*

Therefore, the ALJ found that Griggs "has not been under a disability, as defined

in the Social Security Act, since June 29, 2010, the date the application was filed."

(R. 32).

## V.  Analysis

Griggs contends that the ALJ erred in finding that her testimony was not

---

[2] As of the date of the ALJ's decision, Griggs was 43 years old, had a marginal
education, and past relevant medium unskilled work as a poultry worker. (R. 31).

credible, *see* doc. 10 at 13-15, and has moved to supplement the record on appeal

with additional evidence, doc. 9.  The court addresses Griggs' contention and

motion in turn.

A.    The ALJ's Credibility Finding

Griggs contends that the ALJ "failed to properly explain her rejection of

[Griggs'] complaints of severe pain."  Doc. 10 at 15.  In considering Griggs'

claim, the ALJ found that Griggs' "medically determinable impairments could

reasonably be expected to cause [her] alleged symptoms."  (R. 27).  Therefore,

Griggs met the requirements of the pain standard in this circuit.  *See supra* Part III.

However, contrary to Griggs' contention, and consistent with the pain standard in

this circuit, the ALJ articulated reasons why she did not credit Griggs' testimony.

First, the ALJ noted that Griggs "described daily activities that are not limited to

the extent one would expect, given her complaints of disabling symptoms and

limitations."  (R. 30).  To support this contention, the ALJ pointed out that "[a]t

one point or another in the record . . . [Griggs] has reported the following daily

activities: independently caring for her personal needs; preparing meals; cleaning;

doing laundry; driving a car; shopping in stores; watching television; playing

board games; cooking out with family; and swimming."  *Id.*  As the ALJ noted,

these activities were "inconsistent with her allegation of disabling pain and

dysfunction." (R. 30).  While Griggs is free to disagree with the ALJ's conclusion, the court notes that it is proper for the ALJ to consider Griggs' daily activities in assessing her credibility. *See Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984).

Next, consistent with the regulations, *see* 20 C.F.R. § 416.929(c)(4), the ALJ found that inconsistencies in Griggs' statements diminished her credibility. For example, the ALJ noted that while Griggs "testified that she had not worked in her garden since 2007 . . . medical records show that she report[ed] to her treating doctors that she fell while working in her garden in 2010." (R. 30).  In addition, the ALJ observed that although Griggs "testified that she completed the sixth grade, . . . she told Dr. Gragg, a consultative psychologist, that she quit school after the eleventh grade." *Id.*  The ALJ reasonably found that these inconsistencies meant that Griggs' "other statements on matters material to the determination of disability may not be entirely credible." *Id.*  Finally, the ALJ concluded that Griggs' "treatment history detracts from the credibility of her allegations." *Id.*  For example, the ALJ correctly observed that Griggs' "treatment has been essentially routine and conservative in nature," that "medical records reveal that the medications have been relatively effective in controlling [Griggs'] symptoms," and that Griggs "has not alleged any side effects from the use of these

medications." *Id.*; *see Falcon v. Heckler*, 732 F.2d 827, 832 (11th Cir. 1984) (ALJ properly considered conservative treatment in assessing credibility).

Ultimately, based on this record, Griggs has failed to show that the ALJ erred in assessing her credibility.  In fact, the ALJ articulated specific reasons for discounting Griggs' testimony of disabling symptoms – all of which are supported by substantial evidence.  Moreover, even though the ALJ did not credit Griggs' testimony of disabling symptoms, she recognized that Griggs had some limitations caused by her impairments as reflected in the RFC assessment for a limited range of sedentary work.  (R. 21).  The court finds that substantial evidence supports the ALJ's determination that the restrictions included in the ALJ's RFC assessment account for Griggs' symptoms.  Accordingly, because this court does not reweigh the evidence, there is no reversible error in the ALJ's credibility finding.

B.    Griggs' Motion to Supplement the Record

Griggs also moves the court to make additional medical records part of the record on appeal to be "used as medical evidence in determin[ing] her disability." Doc. 19 at 1.  However, "[a] reviewing court is limited [to the record certified by the Commissioner] in examining the evidence." *Cherry v. Heckler*,760 F.2d 1186, 1193 (11th Cir. 1985).  Consequently, when, as here, the Appeals Council has not considered the evidence and made it part of the record, this court  treats the

evidence "as if it had been first presented to the district court and . . . evaluate[s] the case under sentence six [of 42 U.S.C. § 405(g)]."[3]  *Ingram v. Comm'r of Soc. Sec. Admin.*,  496 F.3d 1253, 1268 (11th Cir. 2007) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 11th Cir. 1987) (internal quotation marks omitted).  Therefore, the court will review Griggs' motion as one for remand under sentence six for consideration of new evidence by the Commissioner.

To obtain a remand under sentence six, the settled law in this circuit requires Griggs to establish that (1) there is new, noncumulative evidence; (2) the evidence is material; and (3) there is good cause for failure to submit the evidence at the administrative level.  *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). The new evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result."  *Id.* According to Griggs, the restrictions contained in Dr. Lorn Miller's medical source statement (MSS), which Griggs submitted to the Appeals Council,[4] shows

---

[3]  Sentence six states, in relevant part, that "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner, but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).

[4]  In connection with Griggs' request for review, the Appeals Council explained why it did not consider this evidence: "The Administrative Law Judge decided your case through November 3, 2011. This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before November 3, 2011." (R. 2). Based on this determination, the Appeals Council did not include the submissions in the record, and presumably returned the evidence to Griggs. *See* 20 C.F.R. § 404.976(b) ("If you submit

that Griggs is unable to work.[5]  Doc. 10 at 14.  Dr. Miller's MSS indicates a

number of restrictions that would preclude work, including a limitation to less that

two hours sitting, and less than two hours standing/walking in an eight-hour

workday.  Doc. 9 at 4.  However, Dr. Miller's MSS is unlikely to change the

administrative result because it is inconsistent with Dr. Miller's treatment notes,

which show that on July 6, 2011, Griggs reported that her medications reduced her

low back pain, and denied any adverse side effects from her medications.  (R.

531); *see Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (physician's

opinion may be rejected when it is inconsistent with his own medical records).

Although Griggs reported to Dr. Miller that her back pain "increases when she

participates in any activity for longer than fifteen minutes," (R. 531), Dr. Miller

---

evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence . . . .").

[5]  Griggs makes no attempt to explain how any of the other evidence attached to her motion is chronologically relevant, or why it would likely change the administrative result. Indeed, the vast majority of that evidence is either from well after the date of the ALJ's decision, doc. 9 at 9-23, 40-60, or was part of the record considered by the ALJ, doc. 24-33. There is a single treatment note from prior to the date of the ALJ's decision from Dr. Miller on October 26, 2011, which would be chronologically relevant. Doc. 9 at 37-38. However, Griggs has suggested no good cause for her failure to submit that treatment note at the administrative level. Accordingly, as to all of the new evidence, except Dr. Miller's MSS, Griggs has failed to failed to meet her burden of properly presenting the issue for decision. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir.2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

advised Griggs "to begin a regular cardiovascular exercise program," and to "increase each week to a target of 15-20 minutes of brisk walking a day," *id.* at 536. This instruction contradicts the severe restrictions indicated by Dr. Miller in his MSS, and shows that the restrictions were based on Griggs' subjective pain complaints. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (ALJ may reject a physician's opinion when it "appears to be based primarily on [a claimant's] subjective complaints of pain."). Because the ALJ reasonably discredited Griggs' subjective allegations, Dr. Miller's MSS is unlikely to change the administrative result. Accordingly, Dr. Miller's MSS is not material, and Griggs has failed to satisfy the requirements for obtaining a remand under sentence six. *Caulder*, 791 F.2d at 877.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Griggs is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 26th day of September, 2014.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE